# IN THE COURT OF APPEALS OF IOWA

No. 14-1958
Filed January 13, 2016

**KARI A. ATZEN and CHARLES L.**
**SMITH as Trustee for United States**
**Bankruptcy Case No. 13-01383als7,**
        Plaintiffs-Appellants,

**vs.**

**MATTHEW COVEY, TIMOTHY SITTIG,**
**and the CITY OF PLEASANT HILL, IOWA,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.


        A plaintiff appeals the grant of summary judgment to the City of Pleasant

Hill and two police officers on her claims of false arrest and civil rights violations.

**AFFIRMED.**


        Theodore Sporer of Sporer & Flanagan, P.L.L.C., Des Moines, for

appellants.

        Michael C. Richards and Sarah E. Crane of Davis, Brown, Koehn, Shors &

Roberts, P.C., Des Moines, for appellees.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Plaintiff Kari Atzen[1] appeals from the district court's grant of summary judgment to the City of Pleasant Hill, Police Chief Timothy Sittig, and Sergeant Matthew Covey in her lawsuit alleging false arrest and the violation of her civil rights under 42 U.S.C. § 1983 (2011). Because we agree with the district court's decision that the plaintiff failed to generate a genuine issue of material fact and the city and police officers were entitled to judgment as a matter of law, we affirm.

Kari's ex-husband Steve Atzen is now married to Dr. Angelia Atzen. The women squabbled following a youth basketball game in November 2011, and both reported the other's conduct to authorities. Police declined to file criminal charges, but both women retained attorneys. Angelia sent a letter to Kari's attorney requesting Kari "maintain a reasonable distance" from Angelia and her eight-year-old son. Following a disputed incident at another basketball game, Angelia asked Sergeant Covey to file harassment charges against Kari. Angelia described feeling "intimidated and alarmed with her presence." Based on the information from Angelia and his knowledge of the previous encounter, Covey concluded there was probable cause to charge Kari with harassment, in violation of Iowa Code section 708.7(1)(b) (2011). The preliminary complaint alleged:

> [D]efendant on the 10[th] day of December, 2011, in the City of Pleasant Hill, Polk County, Iowa, did repeatedly make personal contact with the victim, making the victim feel intimidated and

---

[1] In her petition filed in the district court, Atzen joined plaintiff Charles L. Smith in his capacity as trustee of the bankruptcy case then pending in the United States District Court for the Southern District of Iowa. The parties do not list the trustee on their appellate briefs.

threatened, this despite being requested by the victim to stay away and being told to stay away by law enforcement.

The complaint listed both Angelia and Steve Atzen as witnesses. Covey presented the complaint to a judge who signed it along with the arrest warrant. Kari turned herself into police custody after being contacted by Covey. The district court dismissed the charge on March 13, 2012, following the completion of a Victim/Offender Reconciliation Program (VORP) session between Angelia and Kari.

Kari then sued Sergeant Covey, Chief Sittig, and the City of Pleasant Hill for false arrest and civil rights violations. The officers and the city moved for summary judgment. Following a contested hearing, the district court granted their motion, finding Kari "failed to generate a fact issue on whether Sgt. Covey knowingly or recklessly included or omitted information in his application for arrest warrant that would have negated his preliminary finding of probable cause." Kari now appeals.[2]

She contends the false arrest and § 1983 claims should be remanded for a trial on the question whether the defendants acted with deliberate falsity or a reckless disregard for the truth in "suspending their disbelief" and relying on Angelia's allegations to find probable cause for the criminal complaint.

---

[2] We review motions for summary judgment for corrections of errors at law. *Jones v. Univ. of Iowa*, 836 N.W.2d 127, 139 (Iowa 2013). Summary judgment is only granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.* In reviewing the district court's ruling, we examine the record in the light most favorable to the nonmoving party and draw all legitimate inferences the evidence bears in order to establish the existence of fact questions. *Id.* at 140.

The elements of the tort of false arrest are (1) the plaintiff is detained against her will and (2) the detention is unlawful. *Children v. Burton*, 331 N.W.2d 673, 678-79 (Iowa 1983). "'A false arrest case involving the issue of probable cause turns on what the officer knew at the time of the arrest.'" *Veatch v. City of Waverly*, 858 N.W.2d 1, 8 (Iowa 2015) (quoting *Children*, 331 N.W.2d at 678.).

Kari concedes her arrest was based on a facially valid warrant coupled with a judicial finding of probable cause. But she contends the underlying complaint consisted of false representations and concealed material facts. She challenges the date of the alleged intimidation, Steve's presence, and the use of the word "repeatedly" in the affidavit.[3]

To pierce a facially valid warrant, Kari must show "'deliberate falsehood or . . . reckless disregard for the truth. . . . Allegations of negligence or innocent mistake are insufficient.'" *Christenson v. Ramaeker*, 366 N.W.2d 905, 909 (Iowa 1985) (quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). The *Franks* standard also applies to the § 1983 damage action. *See Bailey v. Lancaster*, 470 N.W.2d 351, 357 (Iowa 1991). To show reckless disregard, Kari would have to offer proof (1) SergeantCovey harbored serious doubts about Angelia's truthfulness; or (2) circumstances evinced an obvious reason to doubt Angelia's veracity. *See State v. McPhillips*, 580 N.W.2d 748, 751 (Iowa 1998).

"Even when a warrant affidavit contains false statements, the warrant will not be invalidated if the false statements are not necessary to a finding of

---

[3] We find Kari did not raise her argument regarding the term "repeatedly" in the district court and thus it is not preserved for our review. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

probable cause." *Christenson*, 366 N.W.2d at 909. "The challenger must show that excision of the false statements removes factual support essential to the probable cause finding on which the warrant was issued." *Id.*

Sergeant Covey found Angelia to be credible and had no obvious reason to doubt her account. Like the district court, even if we accept Steve was not at the game and the game took place on December 11, the remaining facts support Covey's conclusion that probable cause existed for a harassment charge. A police officer generally is "entitled to rely on the veracity of the information supplied by the victim of a crime." *See Royster v. Nichols*, 698 F.3d 681, 688 (8th Cir. 2012).

We agree with the district court's detailed and well-reasoned opinion and adopt it as our own. Accordingly, we affirm the order granting summary judgment under Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**